ACCA's residual clause, *Sykes* v. *United States, ante,* p. 1, would be of no help. The "rule" we announced there, as far as I can tell, is as follows: A court must compare the degree of risk of the crime in question with the degree of risk of ACCA's enumerated offenses (burglary, extortion, arson, and crimes involving the use of explosives) as a "beginning point," *ante,* at 9; look at the statistical record, which is not "dispositive" but sometimes confirms "commonsense conclusion[s]," *ante,* at 10; and check whether the crime is "purposeful, violent, and aggressive," unless of course the crime is among the unspecified "many cases" in which that test is "redundant with the inquiry into risk," *ante,* at 13. And of course given our track record of adding a new animal to our bestiary of ACCA residual-clause standards in each of the four successive cases we have thus far decided, see *ante,* at 29–31 (SCALIA, J., dissenting), who knows what new beasties our fifth, sixth, seventh, and eighth tries would produce? Surely a perfectly fair wager.

If it is uncertain how this Court will apply *Sykes* and the rest of our ACCA cases going forward, it is even more uncertain how our lower-court colleagues will deal with them. Conceivably, they will simply throw the opinions into the air in frustration, and give free rein to their own feelings as to what offenses should be considered crimes of violence—which, to tell the truth, seems to be what we have done. (Before throwing the opinions into the air, however, they should check whether littering—or littering in a purposeful, violent, and aggressive fashion—is a felony in their jurisdiction. If so, it may be a violent felony under ACCA; or perhaps not.)

Since our ACCA cases are incomprehensible to judges, the statute obviously does not give "person[s] of ordinary intelligence fair notice" of its reach. *United States* v. *Batchelder,* 442 U. S. 114, 123 (1979) (internal quotation marks omitted). I would grant certiorari, declare ACCA's residual provision to be unconstitutionally vague, and ring down the curtain on the ACCA farce playing in federal courts throughout the Nation.

No. 09–10053. MITCHELL *v.* UNITED STATES, 561 U. S. 1028;

No. 10–1098. THREATT *v.* DONOVAN, SECRETARY OF HOUSING AND URBAN DEVELOPMENT, 563 U. S. 938;

No. 10–9000.  LEWIS v. RICCI, ADMINISTRATOR, NEW JERSEY STATE PRISON, ET AL., 563 U. S. 943;

No. 10–9032.  GUYTON v. HUNT, 563 U. S. 944;

No. 10–9061.  LEE v. FEDERAL EMERGENCY MANAGEMENT AGENCY ET AL., 563 U. S. 923;

No. 10–9252.  TAFARI v. WEINSTOCK ET AL., 563 U. S. 977;

No. 10–9277.  HAMMER v. FOREST HIGHLANDS COMMUNITY ASSN., 563 U. S. 978;

No. 10–9486.  PONTON v. AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO, ET AL., 563 U. S. 995; and

No. 10–9896.  NORWOOD v. BOARD OF TRUSTEES OF UNIVERSITY OF ARKANSAS AT LITTLE ROCK, 563 U. S. 1012.  Petitions for rehearing denied.

No. 10–9732.  HAQUE v. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL., 563 U. S. 1017; and

No. 10–9737.  HAQUE v. DEPARTMENT OF HOMELAND SECURITY ET AL., 563 U. S. 1017.  Petitions for rehearing denied. JUSTICE KAGAN took no part in the consideration or decision of these petitions.

JUNE 28, 2011

No. 09–1395.  BEER ET AL. v. UNITED STATES.  C. A. Fed. Cir. Certiorari granted, judgment vacated, and case remanded for consideration of the question of preclusion raised by the Acting Solicitor General in his brief for the United States filed July 26, 2010. The Court considers it important that there be a decision on the question, rather than that an answer be deemed unnecessary in light of prior precedent on the merits.  Further proceedings after decision of the preclusion question are for the Court of Appeals to determine in the first instance.  JUSTICE BREYER would grant the petition for writ of certiorari and set the case for argument.

JUSTICE SCALIA, dissenting.

It has been my consistent view, not always shared by the Court, that "we have no power to set aside the duly recorded judgments of lower courts unless we find them to be in error, or unless they are cast in doubt by a factor arising after they were rendered."